DAVIDSON et al. v. BANKERS BOND &
MORTGAGE GUARANTY CO.
OF AMERICA.

Civil Action No. 1341.

District Court, E. D. Pennsylvania.

April 18, 1941.

George Henry Huft, of Philadelphia, Pa., Logan & Duffy, of Wilmington, Del., and Morris H. Cohn, of Newark, N. J., for plaintiffs.

Stanley Folz, Sundheim, Folz, Kamsler & Goodis, and Robert T. McCracken, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

Except for the prayers for discovery and for general equitable relief, the only remedy asked for by this complaint is the appointment of a receiver. Upon the ground, among others, the defendant has made the present motion to dismiss. The motion will be denied.

The complaint appears to be in reality a bill for a receiver to conserve assets in aid of liquidation, and it should be so treated. As was stated in National Ben. Life Ins. Co. v. Shaw-Walker Co., 71 App. D.C. 276, 111 F.2d 497, 504, "* * * it seems clear that the allegations, rather than the prayer, determine whether the sole object of the suit is a receivership." The substance of the allegations of this complaint is that the defendant is insolvent in the sense that it is unable to meet its obligations as they mature, that there is "no possibility or hope of expectation" that it will ever be able to resume its business, that as a matter of fact it ceased business about November 1, 1930, and has been in a state of slow liquidation since that time. To these are coupled allegations which amount to charges that the officers and directors are prolonging the liquidation solely in their own interests, the advantage to them being the continuation of payment of salaries alleged to be excessive, that they have exercised no management in the usual accepted sense of that term, and that their conduct of the liquidation generally is grossly wasteful and extravagant. The company having been practically out of business for ten years, the only thing a receiver could do would be to take over and continue, in the interests of the stockholders, the liquidation now in progress, and that is what the complaint really seeks to accomplish.

Although neither case is precisely on all fours with the present case, the general principles stated in National Beneficial Life Ins. Co. v. Shaw-Walker Co., supra, and Hall v. City Park Brewing Co., 294

Pa. 127, 143 A. 582, sustain the jurisdiction. In the latter case, the primary object (brewing beer) for which the corporation was formed became legally impossible of attainment, and efforts to carry on collateral enterprises had resulted in failure. As to these collateral enterprises (selling legal beverages), there was no legal impediment, but it had been demonstrated that the stockholders could hope for no benefit from them in the future. Although no receiver was immediately appointed, jurisdiction to grant that form of relief was sustained. In the present case there is no legal impediment, but it is clear that a total cessation of normal business for ten years, during which time a piece-meal liquidation has been carried on, has extinguished all hope of revival of the business which was the corporation's object.

■ I do not regard this as a derivative action. The primary purpose of the suit governs its nature. Here, the remedy sought is the control, for conservation, of the liquidation of the corporation, and consequently the action is directly against the corporation, maintainable by any stockholder in his own right. The mere fact that a receiver, if appointed, might have to proceed against officers or directors as a part of his duties is incidental and not controlling. If it were, practically every receivership for conservation of assets would be a derivative suit.

The other reasons urged for the dismissal of the action have been considered, but they are not sustained.

By reason of the view which is taken of the nature of the suit as above stated, Rule 23(b), 28 U.S.C.A. following section 723c, need not be complied with.