## COSKERY v. ROBERTS & MANDER CORP.
### Civ. No. 11086.

United States District Court,
E. D. Pennsylvania.
Feb. 7, 1951.

Martin Feldman, Todd Daniel, Jenkins, Bennett & Jenkins and Goff & Rubin, Philadelphia, Pa., for receivers.

David Berger, William V. Suckle, Philadelphia, Pa., for Victor S. Markovitz.

John Ross, Wexler & Weisman and Stanley W. Root, Philadelphia, Pa., Waters & Cooper, Norristown, Pa., Schnader, Harrison, Segal & Lewis, Arthur Littleton and Martin P. Snyder, Philadelphia, Pa., for other interested parties.

CLARY, District Judge.

This matter is presently before me on the petition of Victor S. Markovitz to vacate the order appointing Receivers in the above matter entered June 29, 1950. Petitioner's argument is based upon the following main points:

1. That the Court is without jurisdiction.

2. That the receivership order cannot stand since there is no primary suit to which the receivership is ancillary.

3. That the order issued by the Court is not supported by the allegations of the initial complaint.

█ Petitioner's first argument referring to lack of jurisdiction of the court is based upon the fact that Coskery alleged in his complaint that he was the owner of 100 shares of common stock of the corporation at a par value of $1 per share. Petitioner asserts that this is the amount which should be considered in testing whether the requisite jurisdictional amount, $3,000, is in controversy. This action was instituted by Coskery on behalf of himself and other shareholders similarly situated. The Court before issuing an order appointing Receivers held a hearing to determine whether, in fact, this was a class suit. At the hearing the Court was advised by Thomas Waters, Esquire, that he represented some

80,000 shares of common stock and he desired to intervene in the proceedings. Thereafter, various shareholder committees were allowed to intervene in the suit. It appeared clearly, therefore, after the hearing that Coskery was a member of a substantial class of shareholders within the meaning of Rule 23(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is clear, therefore, that the jurisdictional amount is satisfied in this case in that the aggregate number of shares permitted to intervene before this order was entered totaled approximately 80,000 shares with a par value of $1 each. Later interventions allowed by the Court raised the total represented to approximately 150,000 shares. The petitioner has cited many cases for the proposition that the amounts of claims cannot be aggregated in determining whether or not the requisite jurisdictional amount is in controversy. I have examined the cases cited by petitioner and find that none is apposite. This action clearly comes within the purview of class actions. See Barron & Holtzoff, Federal Practice and Procedure, Volume 2, Section 537, pages 170, et seq.

Petitioner also argues that Coskery is seeking relief in his own right and, therefore, this is not a true class action. An examination of the complaint and the relief therein requested indicates beyond question that Coskery's action was instituted to preserve the assets of the corporation for the benefit of himself and all other shareholders similarly situated. It is, therefore, in all respects a true class suit.

■ Petitioner contends that there are antagonistic interests in this case between the named party and those whom he purports to represent. He asserts that this antagonism makes it impossible to insure the adequate representation of all. It is sufficient to state in answer to that that of the 330,000 shares of stock outstanding, the 1,600 shares represented by the petitioner are the only shares opposing the present receivership. I do not construe Rule 23(a) as requiring action on behalf of 100% of the shareholders.

The second point raised by petitioner is that the receivership must be vacated because there is no primary suit to which this receivership is ancillary.

■ A review of the complaint filed in this case reveals a charge of waste and dissipation of corporate assets, which to this moment has not been denied. Dissipation of corporate assets may be prevented by injunction or by appointment of a receiver. Orth v. Transit Investment Corporation, 3 Cir., 132 F.2d, 938, 945. There is an allegation of mismanagement, tremendous losses from operations due to mismanagement resulting in a cessation of operations, and an allegation of continuing substantial losses during the period of inactivity as a result of which assets were being dissipated. There is an allegation that an attempt had been made to effect a voluntary liquidation of the corporation under Delaware law, but that the requisite number of shares necessary for approval of such action could not be obtained. It is further alleged that there was no hope of breaking the deadlock regarding voluntary liquidation. In his petition, plaintiff prayed for the appointment of a receiver pending the election of new management. Certainly, the requisite allegations outlined in the Orth case, supra, have been met in this case. That the primary object of the suit has not yet been accomplished is, for the purposes of this motion to vacate, of no consequence. Clearly, assets were being dissipated and receivers were appointed to conserve the assets of the corporation in the interest of all shareholders pending election of new management. That this was necessary became all the more obvious in view of the attitude of several of the creditors taken at the hearings and at a conference called by the Court, in chambers, to discuss the situation generally and informally. At those times it appeared that but for the restraining arm of the court, the corporation faced suits by creditors for amounts totaling upwards of $350,000. These amounts the corporation was and is unable to pay out of current liquid assets and still remain in business. Counsel for petitioner herein, at argument, suggested the sale of all liquid assets, including inventory, to pay current obligations, but when queried by the Court as to what the

corporation could do thereafter to operate, counsel moved to another phase of his argument without answer. The only possible answer is that the corporation could then proceed to voluntary liquidation without harassment from creditors, but, as pointed out above, this avenue was closed due to inability to obtain the concurrence of the statutory percentage of shareholders.

The final point raised by petitioner is that the order issued by the court is not supported by the allegations of the complaint. The allegations of the bill rather than the prayer for relief must furnish the basis for the relief to be granted by a court of equity. National Ben. Life Ins. Co. v. Shaw-Walker Co., 71 App.D.C. 276, 111 F.2d 497, 504. Davidson v. Bankers Bond & Mortgage Guaranty Co., D.C., 38 F.Supp. 825.

The Court so worded its original order that had the requisite number of shareholders agreed to voluntary liquidation at the meeting of July 6, 1950, this receivership could have been terminated at very little cost to the corporation. It was only after the shareholders were unable to agree that the receivers actually began to function.

From the allegations, therefore, two main objects were sought. (1) Conservation of the assets pending election of new management, and (2) aid of the Court in effecting liquidation. The Court has required of the Receivers interim reports. The reports submitted to this point have indicated (1) that because of lack of vital materials due to defense needs, the corporation could not resume manufacture of its principal product, stoves, and (2) that the Receivers are exploring the possibility of obtaining defense contracts. Due to the latter development, the Court continued the temporary receivership until February 1, 1951. Because of this present motion, the Court has fixed Monday, February 12, 1951, as the date for the consideration of the further interim report and has ordered notices to all interested parties so that a hearing might be held thereon. If at that time it appears that the corporation can resume operations, then an election of new management can be ordered. If not, then

liquidation can be considered. It appears clearly to the Court that both items of relief under consideration are supported by the allegations of the complaint.

There has been no attempt here to interfere with the internal management of the corporation. Equitable principles demanded that the interests of all shareholders be protected. Under the circumstances set out in the complaint and as developed in subsequent hearings, it appears clearly that the equity of the shareholders would have been jeopardized or entirely destroyed had not the aid of the Court been invoked. The interests of shareholders have been protected both legally and practically by the present proceedings.

For the reasons set forth, the petition of Victor S. Markovitz for an order vacating the appointment of receivers must be denied.